JOHN J. NEWCOMB *vs.* BOSTON & LOWELL RAILROAD COR-
PORATION.

Suffolk.    November 17, 1873. — June 18, 1874.    AMES & DEVENS, JJ.,
absent.

B. sent goods by railroad from another state to this, taking therefor a railroad receipt
in which he was named as consignor and consignee; indorsed thereon an order to
deliver to C.; drew a draft on C. for the price; attached the draft to the receipt
and sent both to a bank in this state for collection; and forwarded an invoice of the
goods to C., who went to the bank, accepted the draft, and afterwards sold the
goods to D. A., at the request of C., and on an agreement with him that A.
should sell the goods, and, after deducting the draft and his commission, account
to C. for the balance, paid and took up the draft with the receipt attached; and
C. indorsed on the receipt an order to deliver the goods to A. *Held*, that A. had a
special property in the goods; that C., until he paid the draft, had no title in the
goods, and could pass none to D.; and that the carrier, on delivering them to D.,
was liable to an action by A.

CONTRACT for non-delivery of two car-loads of oats alleged to
have been delivered by the plaintiff's agents to the defendant for
carriage over its railroad and for delivery to the plaintiff. In
the Superior Court judgment was ordered for the defendant on
agreed facts, in substance as follows, and the plaintiff appealed
to this court.

On April 10 and 11, 1871, Botsford, Hibbard & Co of De-troit, Michigan, sent to Salem, in this State, for and on account of C. H. Chandler & Co., of Boston, two car-loads of oats, and took railroad receipts therefor, in which Botsford, Hibbard & Co. were named as the consignors and consignees.   Botsford, Hibbard & Co. indorsed on said receipts these words: " Deliver Messrs. C. H. Chandler & Co., or order, Botsford, Hibbard & Co.," and drew on C. H. Chandler & Co. two sight drafts for the price of each car of oats respectively, and attached said drafts to the receipts, and sent them to the Second National Bank of Boston for collection, and forwarded invoices of said oats to Chandler & Co., who went to the bank, and accepted the drafts, April 14, 1871.   On April 17, 1871, Chandler & Co. called on the plaintiff, a commission merchant in Boston, with the in-voices of the two car-loads of oats, and showed them to him, and said the drafts and receipts for the oats were at the Sec-ond National Bank, and were due that day ; and they requested the plaintiff to go to said bank, and pay the drafts, and take the oats for himself, and said they would wait at the office and indorse the receipts over to the plaintiff on his return from the bank, and if after the plaintiff sold the oats there was any bal-ance after taking out the amount of the drafts paid, and his commissions for selling, he was to account to them for it, which the plaintiff agreed to do.   In pursuance of this agreement the plaintiff went to the bank, paid and took up the drafts and brought them to the plaintiff's office, with the receipts attached. The drafts were not paid at the bank in any other manner, and both the drafts and receipts were to be, and were retained by the plaintiff, and are still held by him.   Chandler & Co. indorsed these words on the receipts, viz. : " Deliver J. J. Newcomb, or order, C. H. Chandler & Co.," in presence of the plaintiff at his office when he returned from the bank, but neither of said drafts or receipts was ever delivered to Chandler & Co., and the plain-tiff furnished out of his own funds all the money to take up said drafts.

About the time the oats were due at Salem, the plaintiff called on the agent of the defendant there, offered to pay the charges for freight, and requested the agent to deliver the oats to him, but was informed by the agent that the oats had been deliv-

ered a few days before to Beckford & Dodge of Salem, and the defendant has never delivered the oats, or any part thereof, to the plaintiff.

On April 4, 1871, Chandler & Co. sold to J. V. & J. Hanson one of the said car-loads of oats to arrive, and gave them a bill of sale of them on that day. No receipt or invoice was shown to J. V. & J. Hanson, and they had no knowledge or information of any claim of the plaintiff, or any other party, upon said oats.

On April 15, 1871, Chandler & Co. sold to Beckford & Dodge the other of the said car-loads of oats to arrive, and they took a bill of sale of these oats on that day. No receipt or invoice was shown to Beckford & Dodge, and they had no knowledge or information of any claim of the plaintiff, or any other party, upon said oats.

Within a few days after April 15, both of said car-loads of oats arrived at Salem, and by order of Beckford & Dodge, who claimed them as theirs, were sent by the defendant to Gloucester. Beckford & Dodge showed the defendant's agent at Salem the bill of sale from Chandler & Co., of the car-load purchased of them, but no bill of sale of the other car-load, and no receipt or order for delivery of either car-load. The other car-load was ordered to Gloucester by Beckford & Dodge, by mistake, they supposing it to be a car-load which they were expecting.

The plaintiff had no notice of any claim of Beckford & Dodge, or of J. V. & J. Hanson, or any other party, to said oats, until he requested the agent of said defendant to deliver them to him as above stated, and the defendant had no notice of the plaintiff's claim until said request was made.

The defendant received said car-loads of oats as a common carrier for hire in the ordinary course of business, and carried them to Salem.

The statement of facts contained the value of the oats at the time they were demanded by the plaintiff, the amount of freight due on them, the amount of the drafts paid by the plaintiff, and what would be a fair commission for selling the oats.

S. Albee, for the plaintiff.

J. H. George (of New Hampshire) & D. S. Richardson, (G F. Richardson with them,) for the defendant.

GRAY, C. J.   The railroad receipts, in which Botsford, Hibbard & Co. were named both as consignors and as consignees, having been transmitted by them, together with the drafts drawn by them on Chandler & Co. for the price of the oats, to a bank in Boston for collection, were manifestly intended to be held by the bank as security for the acceptance and payment of the drafts.   They continued to be held by the bank, after the drafts had been accepted by Chandler & Co., and until, at Chandler & Co.'s request, they were paid by the plaintiff, and the receipts, with the drafts still attached, were indorsed and delivered by Chandler & Co. to the plaintiff, to secure the reimbursement to him of the amount so paid, and of his commissions for selling the goods.   This indorsement and delivery to the plaintiff gave him at least a special property in the goods to the extent of such advances and commissions, as against Chandler & Co., who never had any possession of the receipts, and, having no title or right of possession as against the plaintiff, could convey none to Beckford & Dodge.   *Seymour* v. *Newton,* 105 Mass. 272.   *National Bank of Green Bay* v. *Dearborn, ante,* 219.   *Stollenwerck* v. *Thacher, ante,* 224.

The case having been submitted to the court upon an agreed statement of facts, all objections to the form of action are waived ; no point is made by the defendant of the amount for which judgment shall be rendered ; and the case must be referred to an assessor to ascertain that amount, unless the parties agree.

*Judgment for the plaintiff.*