REYNOLDS v. SCOTT.

No. 9480; July 18, 1884.

4 Pac. 346.

**New Trial—Granting on Condition.—A** new trial may be granted conditionally upon failure of one of the parties to perform certain conditions, as the payment of costs and expenses.[1]

**New Trial.—Where the Evidence is Conflicting, the Order** Granting a new trial will not be disturbed.

APPEAL from the Superior Court of Los Angeles County.

This was an action for the recovery of certain goods. Judgment was rendered for plaintiff. Defendant moved for a

[1] Cited in Ramaisch v. Kirshbraun, 107 Cal. 661, 40 Pac. 1045, as to whether a bill of lading takes the aspect of a delivery of the goods.

new trial, which was granted on condition that plaintiff failed to comply with the order of court; awarding to defendant costs and expenses of suit. The other facts appear in the opinion.

Smith & Hupp for appellant; P. W. Dorner for respondent.

SHARPSTEIN, J.—The fact of the court having made the order granting a new trial dependent on the plaintiffs' failing to do certain things, is, in our judgment, an immaterial circumstance. It is not claimed that the plaintiffs did that which, according to the terms of the order, would have defeated it. If we can discover any ground on which the court would be justified in granting a new trial, the order must be affirmed. There was evidence which tended to prove that the goods, which this action was brought to recover the possession of, were shipped at Cincinnati by the defendants Scott & Co., consigned to themselves at Los Angeles, and that the bill of lading was delivered by them to the defendants S. Kuhn & Sons, who forwarded it, with a draft on the plaintiffs for what was claimed to be the price of the goods, to a bank at Los Angeles, with directions to deliver the bill of lading to the plaintiffs on payment of the draft; that the draft was presented to plaintiffs for payment, and payment was refused, whereupon the bill of lading and draft were returned to defendants S. Kuhn & Sons. The goods arrived at Los Angeles, and after being kept the usual length of time by the railroad company, were removed to Naud's warehouse, and stored for the consignees, Scott & Co., with directions to hold the goods subject to the order of Richard Gray, general freight agent of the railroad company. The defendants Scott & Co. and S. Kuhn & Sons were not served with process, nor did they appear in the action. The defendants who did appear and against whom the judgment was entered were Henry and Weyse, the latter the owner of and the former an employee in Naud's warehouse. If the delivery of the goods to the common carrier at Cincinnati was a delivery to the plaintiffs, the latter could not take them from the possession of the former without paying the legitimate charges for transportation, and it is at least questionable whether such charges in full have been paid or tendered.

There were two questions which had to be determined in favor of the plaintiffs before they could recover possession of the property: First, that it had been delivered to them; second, that the transportation charges had been paid or tendered to the common carrier. As to the delivery, it is sufficient to say that the fact of the alleged vendors having taken a bill of lading, in which they were designated as consignees, militates very strongly against the position of the plaintiffs that the goods were delivered to them.

In Benjamin on Sales, third American edition, section 399, it is laid down as a rule that "where goods are delivered on board of a vessel to be carried, and a bill of lading is taken, the delivery by the vendor is not a delivery to the buyer, but to the captain as bailee for delivery to the person indicated by the bill of lading as the one to whom they are to be carried. The fact of making the bill of lading deliverable to the order of the vendor, is, when not rebutted by evidence to the contrary, almost decisive to show his intention to reserve the jus disponendi, and to prevent the property from passing to the vendee."

We have recited a sufficient number of facts to show that the evidence, when viewed in the most favorable light for the plaintiffs, was conflicting upon the most material issues in the case; and if, as we must assume, the preponderance of evidence in the opinion of the court below was against the plaintiffs, that court was justified in granting a new trial, and this court would not be justified in disturbing that order.

Order affirmed.

We concur: Thornton, J.; Myrick, J.