[No. 13818.   In Bank. — August 31, 1891.]

A. RAMISH, RESPONDENT, *v.* KIRSCHBRAUN & SONS, APPELLANTS.

SALE — BREACH OF CONTRACT — FAILURE TO DELIVER AT TIME AGREED — EVIDENCE — CONTRACT FOR RESALE — MARKET VALUE. — In an action for a breach of contract in not delivering goods sold at the time agreed upon, evidence of the buyer as to the price agreed upon between himself and third persons, to whom he had contracted to resell the goods, is incompetent to establish their market value.

ID. — DEPRECIATION IN VALUE AFTER DELIVERY. — Evidence in such action tending to show a depreciation in the market value of the goods sold subsequent to the date of the delivery is inadmissible.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Gould & Stafford,* and *William D. Gould,* for Appellants.

*Del Valle & Munday,* for Respondent.

PATERSON, J. — It is alleged in the complaint that on or about June 25, 1888, the defendants agreed to deliver to plaintiff, at Los Angeles, 12,000 dozen of eggs for the sum of $1,770, as soon as the same could be transported by rail from Omaha, Nebraska; that the eggs arrived at Los Angeles on July 8, 1888, but defendants did not deliver them to plaintiff until July 14th, although he was ready and willing at all times on and after the 8th to receive and pay for them; that by reason of the failure of defendants to deliver the eggs to plaintiff upon their arrival at Los Angeles, he sustained damages to the amount of $600. The defendants filed an answer denying each and every allegation. Judgment was entered on a verdict in favor of plaintiff for six hundred dollars, and defendants have appealed.

It will be seen from this statement of plaintiff's cause of action that his claim is based upon the facts that

defendants failed to deliver the eggs before July 14th, although they actually arrived at Los Angeles on the 8th, and that between these dates the price of eggs had depreciated, incurring a loss to him of six hundred dollars on the lot. In his testimony, plaintiff stated that the market price of eggs was highest on the day and the day after the eggs arrived at Los Angeles. After that, several car-loads came into the market, and the price went down. He was permitted by the court to state that he had contracted with Stanley and Henry to sell the eggs to them for twenty-one cents, but on account of the failure of defendants to deliver them in time he lost the sale, and was obliged to sell the eggs at a fraction over sixteen cents per dozen.

The court ought to have sustained defendants' objection to the evidence as to what Stanley and Henry had agreed to pay plaintiff for the eggs. The evidence should have been confined to the inquiry, "What was the *market value* of eggs between July 8th and July 14th?" The price agreed upon between himself and others in no way connected with defendants was incompetent to establish the market value of the eggs or the liability of the defendants.

The court erred in a more serious particular; it permitted a witness, called on behalf of plaintiff, to state that about the time the eggs arrived at Los Angeles they were worth twenty-one cents per dozen, but owing to the arrival of several car-loads, the market price of eggs was reduced, and about the 18th they were worth only seventeen cents per dozen. Between the 8th and 18th, the witness testified, eggs were worth twenty-one cents per dozen, but about the 18 h, the market price was about seventeen cents per dozen. The damages claimed by plaintiff were sustained by him, according to the allegations of his complaint, between the 8th and 14th; any evidence, therefore, showing the market value of eggs subsequent to the 14th was clearly inadmissible.

It is claimed by appellants that there was no contract to deliver the eggs at any particular time, and therefore plaintiff failed to prove any cause of action. On this subject the court fairly instructed the jury, and as the case must be sent back for a new trial, we will not express any opinion as to the weight of the evidence.

Judgment and order reversed.

GAROUTTE, J., McFARLAND, J., SHARPSTEIN, J., DE HAVEN, J., HARRISON, J., and BEATTY, C. J., concurred.