[19165. Department One. — July 14, 1893.]

A. RAMISH, RESPONDENT, *v.* KIRSCHBRAUN & SONS, APPELLANT.

SALE OF GOODS—DAMAGES FOR DELAY IN DELIVERY—INSTRUCTION—COST PRICE. —In an action for damages caused by delay in the delivery of a carload of eggs, the cost price of the eggs to the purchaser, under the terms of the contract, is an immaterial element in the case, and it is error to instruct the jury that the measure of damages is the difference between the cost price of the eggs to the plaintiff by the terms of the contract and their value to him at the time and place when they ought to be delivered.

ID. — MEASURE OF DAMAGES. —The evidence should be confined to the inquiry as to the market value of the eggs between the date that they should have been delivered under the terms of the contract and the date at which they were delivered, and the plaintiff cannot recover any damages if he was benefited by the delay in delivery, but only to the extent to which he is shown to have been injured thereby.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court, and more fully in the opinion upon the former appeal reported in 90 Cal. 581.

*Gould & Stanford,* for Appellant.

*Del Valle & Munday,* for Respondent.

The COURT. — The facts of this case are fully stated in the opinion of the court found in 90 Cal. 581, where the judgment and order of the trial court were reversed and the cause remanded for a new trial. A new trial was had, judgment again went for plaintiff, and the case is now before us for the second time. Plaintiff in Los Angeles purchased from defendants in Omaha, a carload of eggs to be delivered in Los Angeles.

The eggs arrived in Los Angeles July 8th, but owing, as it is claimed, to the negligence of the defendants, plaintiff was unable to secure possession of them until July 14th. In the mean time the price of eggs dropped, and this action is brought to recover damages upon a failure to deliver on the 8th of July. Upon the question as to the measure of damages, the trial court instructed the jury as follows: "If your verdict be for the plaintiff, you should then of course estimate the amount of damages, and in estimating the amount of damages, the rule should be the difference between what the eggs cost plaintiff by the terms of the contract and the value of the eggs to him at the time and place when they ought to have been delivered by the terms of the contract. The value to him at that time and place was the market value at that time and place."

The foregoing instruction does not state the true rule of damages in a case of this character. The cost price of the eggs is an immaterial element in the case. If the foregoing rule be the correct one, then the value of the eggs at the time they were actually received by plaintiff would be an immaterial element, and evidence addressed to that inquiry not within the issue; but the contrary is the fact, and a determination as to the value upon the 14th of July, the day when the eggs were actually received, is absolutely necessary in order that plaintiff's damage may be properly estimated. It is entirely apparent that the eggs may have been of a greater value on July 14th, when they were actually received, than they were upon July 8th, when they should have been received. Upon such an assumption of facts, plaintiff would not have suffered any damage whatever, but, on the contrary, would have been greatly benefited by the delay in delivery; yet, under the instruction of the court, heretofore quoted, he might have been entitled to the amount of damages awarded by the jury.

In addition to the reasons already suggested, this court said in the previous decision of the case, 90 Cal. 581: "The evidence should have been confined to the inquiry of what was the market value of the eggs between July 8th and July 14th." The law of the case must be deemed as settled to that effect.

For the foregoing reasons, let the judgment and order be reversed, and the cause remanded.