L. K. DEAL, trading as L. K. Deal Lumber Company, Appellant, v. WAPSIE POWER & LIGHT COMPANY, Appellee.

**SALES:** Belated but Accepted Delivery—Rising Market—Damages.
1  The right to recover damages for breach of contract does not embrace the right to make a profit.

PRINCIPLE APPLIED: Plaintiff agreed to deliver poles to defendant by a certain time but breached his contract by not delivering until two months after the time agreed on, *but defend ant accepted the belated delivery.* During the time of plaintiff's default the market price of poles advanced 77 cents each above the contract price with plaintiff. A few days before plaintiff made delivery, defendant purchased poles at this advance. *Held,* defendant could not deduct this advance from the contract price with plaintiff, defendant having suffered no damages .except that resulting directly from plaintiff's *delay.*

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

SATURDAY, DECEMBER 19, 1914.

ACTION for goods sold resulted in allowing damages on a counterclaim as prayed. The plaintiff appeals.—*Reversed.*

*Dunshee & Haines,* for appellant.

*J. R. Lindsay,* for appellee.

LADD, C. J.—On June 19, 1912, the defendant ordered 610 cedar poles of plaintiff with directions to ship to Lisbon and other near-by places within three weeks. Plaintiff accepted the order and promptly delivered 186

1. SALES : belated but accepted delivery : ris-. ing market :. damages.

of the poles. Defendant repeatedly requested the remaining poles, and on September 9th following, advised plaintiff that unless something tangible were heard from him within forty-eight hours, it would buy elsewhere and charge him the difference between the price paid and the contract price. Not receiving the poles, it purchased 404 on the market at a cost of $.77 each above the contract price, or $311.06 in all. The plaintiff, without knowledge of this, invoiced and shipped two carloads of poles to defendant, September 9th, and two carloads September 12th, containing the remaining 424 poles and these were received by defendant within a reasonable time thereafter. It paid the freight thereon and mingled them with other poles of like

character. The plaintiff in this action demands judgment for the contract price of the poles less freight advanced by defendant and a payment of $500, or a balance of $819.43. The defendant concedes this amount to be owing on the contract but for its counterclaim for the $311.06 paid in excess of the contract price for the 404 poles bought on the market, and this sum it prays as damages consequent on plaintiff's breach of contract in not delivering the poles when agreed. Had plaintiff failed or refused to deliver the remaining poles or had defendant declined to receive them when delivered, the measure of damage would be as contended,—that is, the difference between the contract price and the cost of purchasing them on the open market. *Bushnell v. King,* 140 Iowa 405. But plaintiff did deliver them, and though this was done long after the time specified, the defendant accepted such delivery.

The essence of plaintiff's obligation was (1) to deliver the poles and (2) within a specified time. He delivered the poles but not within the time. The breach of contract then was not in failing or refusing to deliver, but in not doing so when agreed, and the damages flowing from this breach only can be recovered. What these may be necessarily depends on the circumstances of each particular case. Such damages in the case at bar cannot be the diminution in the value of the poles from the date of delivery specified in the contract and the time of actual delivery, for during that time their market value increased 77 cents a pole. The defendant received precisely what plaintiff promised to deliver, though of this much more value than the poles would have been if delivered on the date agreed upon.

Had there been depreciation in value, the difference might be recovered. *Ramish v. Kirschbraun,* 98 Cal. 676, 33 Pac. 780; Sutherland on Damages, Sec. 664.

On what theory, then, can the vendee be said to have been damaged save as this may result directly from the delay? The universal principle is that the person injured shall receive a compensation commensurate with his loss or injury, and

no more; and it is a right of the person who is bound to pay this compensation not to be compelled to pay more except costs. 1 Sutherland on Damages, Sec. 12. The design in awarding damages consequent on a breach of contract is to place the party complaining, in so far as this can be done, in the same position as he would have been had the contract been performed. It is intended to indemnify, not to confer an advantage in the way of profit because of the other party's default. In *Wertheim v. Chicoutimi Pulp Co.*, 21 Am. & Eng. Cases, 602, decided by the Privy Council of England, defendant was to deliver wood pulp at Manchester but failed to do so within the time specified, and though pulp has sold for 70s. per ton, it went down to 42s. when delivery was made, and the seller claimed the difference as damages; but as he had sold by contract at 65s., it was held he could recover only the difference of 5s., it being said:

"The market value is taken because it is presumed to be the true value of the goods to the purchaser. In the case of nondelivery, where the purchaser does not get the goods he purchased, it is assumed that these would be worth to him, if he had them, what they would fetch in the open market; and that, if he wanted to get others in their stead, he could obtain them in that market at that price. In such a case, the price at which the purchaser might in anticipation of delivery have resold the goods, is properly treated, where no question of loss of profit arises, as an entirely irrelevant matter. *Rodocanachi v. Milburn*, 18 Q. B. D. 67. The purchaser not having got his goods should receive by way of damages enough to enable him to buy similar goods in the open market. Similarly, when the delivery of goods purchased is delayed, the goods are presumed to have been at the time they should have been delivered worth to the purchaser what he could sell them for or buy others like them for, in the open market, and when they are in fact delivered, they are similarly presumed to be

for the same reason, worth to the purchaser what he could then sell them for, or buy others like them for, in that market, but if in fact the purchaser, when he obtains possession of the goods, sells them at a price greatly in advance of the then market value, that presumption is rebutted and the real value of the goods to him is proved by the very fact of this sale to be more than market value, and the loss he sustains must be measured by that price, unless he is, against all justice, to be permitted to make a profit by the breach of contract, be compensated for a loss he never suffered, and be put, as far as money can do it, not in the same position in which he would have been if the contract had been performed, but in a much better position.''

Though defendant did not sell, the market price was such as to indicate that it had suffered no loss. If it necessarily bought the 404 poles on the open market, at an increased price, owing to plaintiff's dilatoriness, it could have sold the poles when delivered by plaintiff a few days later and thereby recouped its loss and in keeping them retained the equivalent in value. By receiving the poles when tendered in pursuance of the contract, it necessarily elected to waive the incident of having purchased to supply it with what plaintiff had not up to that time furnished; for it could not at the same time assume the antagonistic positions of insisting upon a breach of the agreement in failing to deliver and accepting delivery of the goods for which it had contracted. When these came, it could not at the same time keep the cake and eat it.

By accepting the poles when delivered, it necessarily waived the incident of having bought others because of the alleged breach and can only recover damages suffered in consequence of the delay. Otherwise, defendant not only would not suffer loss because of delay,—for it received the goods on a rising market,—but it would reap a profit because of plaintiff's breach in precisely the sum allowed it on the counterclaim in the district court. This is contrary to the principle of just compensation and has not our approval.

The suggestion that the last shipments were independent of the contract is not borne out by the record.

Because of the error in assessing damages the judgment is —*Reversed.*

WEAVER, EVANS and PRESTON, JJ., concur.