CITIZENS BANK OF FORT VALLEY *vs.* HENRY J.
PERKINS COMPANY.

Hampden.    September 18, 1924. — October 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Contract*, Construction, To accept and pay bill of exchange, Performance and breach.

A corporation doing business in this Commonwealth wrote to a bank in Georgia that one who was in the same locality with the bank would " again represent us this season by buying peaches, and we are glad to advise you that we will again honor his drafts for this season, covering any peaches that he may have purchased for our account, drafts to have invoice and bill of lading attached."    The bank replied that it would honor the drafts of the person named during the season " according to the terms of your letter.    You, of course, know that we expect immediate payment upon presentation regardless of arrival or condition of fruit . . . the bank is a party neither to the purchase nor the sale of the fruit."    At the trial of an action by the bank against the corporation for reimbursement for a draft which the plaintiff had paid, it appeared that when the draft was presented to the plaintiff and was paid by it there were attached an invoice and a bill of lading. It did not affirmatively appear that when the plaintiff forwarded the draft to a bank in this Commonwealth for collection the invoice and bill of lading were still attached, and there was testimony to the contrary.    The trial judge refused to rule that, if the invoice and bill of lading were not attached to the draft when it was presented to the defendant, the plaintiff could not recover, and ordered the jury to find for the plaintiff, to which rulings the defendant excepted.    *Held*, that

(1) The promise of the defendant was not a promise to pay absolutely upon presentation, but to pay only if the invoice and bill of lading were attached to the draft;

(2) The plaintiff was not to hold the bill of lading as security for the payment of the draft;

(3) If the evidence, that when the draft was presented to the defendant's bank for payment there were not attached thereto an invoice or a copy of the bill of lading, was believed, the plaintiff could not recover;

(4) The rulings by the trial judge were erroneous and the exceptions must be sustained.

CONTRACT, for alleged breach of an agreement whereby the defendant in substance agreed to honor drafts drawn by Max L. James on the defendant through the plaintiff.    Writ dated March 8, 1921.

In the Superior Court, there was a trial before *Callahan*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked the judge to rule " that if the invoice and bill of lading was not attached to the draft when it was presented to it in Springfield that the plaintiff could not recover." The judge refused so to rule and, by agreement of the parties, ordered the jury to return a verdict for the plaintiff in the sum of $1,579.51, with the stipulation that, if the ruling requested should have been given, there was to be a new trial, and otherwise the verdict was to stand. The judge then reported the action to this court for determination.

The case was submitted on briefs.

*G. D. Cummings & G. F. Leary*, for the defendant.

*G. A. Bacon & S. W. Weltman*, for the plaintiff.

BRALEY, J. The plaintiff bank is located at Fort Valley in the State of Georgia, while the defendant corporation is a dealer in fruit and produce with a usual place of business at Springfield in this Commonwealth. For some years the company purchased carloads of peaches in Georgia, and at the beginning of the " peach season " in 1920 it wrote the plaintiff in substance, that one James of Fort Valley, " will again represent us this season by buying peaches, and we are glad to advise that we will again honor his drafts for this season, covering any peaches that he may have purchased for our account, drafts to have invoice and bill of lading attached." The plaintiff replied that it would honor the drafts of James during the present season " according to the terms of your letter. You, of course, know that we expect immediate payment upon presentation regardless of arrival or condition of fruit. Any differences or adjustments are to be made between you and Mr. James, and payment of drafts not delayed nor based upon same, as the bank is a party neither to the purchase nor the sale of the fruit. We are accepting this guarantee as a courtesy to you, and we have recourse only on you for the payment of the drafts. . . . If this is not agreeable to you, we kindly ask that you advise us at once." The defendant made no reply, and the contract between the parties rests on this correspondence.

The promise of the defendant was not a promise to pay absolutely upon presentation, but to pay only if the invoice and bill of lading were attached to the draft. The acceptance of the draft or drafts by the defendant, and the handing over of the bill or bills of lading were to be concurrent, and part of one transaction. It is also manifest that the plaintiff was not to hold the bills of lading as security for the payment of the drafts. *Newcomb* v. *Boston & Lowell Railroad,* 115 Mass. 230. *Lanfear* v. *Blossman,* 1 La. Ann. 148. *National Bank of Commerce of Boston* v. *Merchants' National Bank of Memphis,* 91 U. S. 92. *Shepherd* v. *Harrison,* L. R. 4 Q. B. 196; *S. C.* L. R. 5 H. L. 116, 123.

It appeared from the depositions introduced by the plaintiff that, when the draft in suit was presented by James and was paid by the plaintiff, there was attached an invoice with a bill of lading. But whether, when the plaintiff forwarded the draft to a bank at Springfield for collection, the invoice and bill of lading were still attached, is not affirmatively shown. The contention of the plaintiff, that the invoice and bill of lading having been attached when the draft was cashed, the liability of the defendant became fixed, is disposed of for reasons previously stated. If the jury believed the evidence of the defendant's treasurer, that when the draft " was presented to his bank for payment . . . there was not attached thereto an invoice nor a copy of the bill of lading," the plaintiff could not recover, and the refusal of the trial judge so to rule was erroneous.

It follows that a verdict for the plaintiff was improperly ordered, and the entry must be,

*Exceptions sustained.*